IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KENNETH E. MASON, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:13cv738 |
| | § | |
| BANK OF AMERICA, et al. | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court are Plaintiff's Objections to Defendants' Notice of Removal and Motion to Remand (Dkt. 6) and Defendant Bank of America N.A.'s Response. Although *pro se* Plaintiff's grounds for remand are not wholly clear to the Court, it briefly addresses Defendant's removal and the Court's jurisdiction here.

Defendant Bank of America, N.A., removed this action to this Court from the 158th Judicial District Court of Denton County on December 13, 2013. *See* Dkt. 1. Defendant removed this action based on diversity jurisdiction, 28 U.S.C. § 1332. *Id.*

A notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b). A court is required to strictly construe the removal statute in favor of remand and against removal. 28 U.S.C. § 1447; *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). Federal district courts are of limited jurisdiction and may hear only those cases authorized by a federal statute, the Constitution, or U.S. treaty. *Kokkonen*

1

*v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed.2d 391 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The removing party has the burden of proof in demonstrating that removal to federal court is proper. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).

According to the record here, Plaintiff's state suit was filed on December 2, 2013 and Defendant was served with citation in the state court action on December 9, 2013.[1] Therefore, removal was timely.

Suits are removed on the basis of diversity jurisdiction when: (1) the suit involves a controversy between citizens of different states *and* (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. It is Defendant's burden here to show that this Court has diversity jurisdiction. *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003).

Defendant's notice of removal states that Bank of America is a citizen of the State of North Carolina and that Defendant Quicken Loans Inc. is a citizen of the State of Michigan, and it appears undisputed based on the allegations here that Plaintiff is a citizen of Texas. Thus, this case involves a controversy between citizens of different states.

As to the amount in controversy, Plaintiff's state court petition alleges that he has been damaged by a cloud on the title to his Property, claims wrongful foreclosure and seeks to clear the title to his Property and any seeks any other relief the Court deems appropriate.

When, as here, a petition does not allege a specific amount of damages, the removing defendant must prove by preponderance of that evidence that the amount in controversy exceeds

---

[1] Since removal, Defendant Quicken Loans, Inc. has appeared and consented to the removal. *See* Dkt. 4.

$75,000. *Garcia*, 351 F.3d at 639-40. The removing defendant can satisfy its burden by showing that it is facially apparent from the plaintiff's complaint that the claims are likely above jurisdictional amount, or, if the value of claim is not apparent, by setting forth facts, either in the removal petition or by affidavit, that support a finding of requisite amount. *Id.* at 640; *see also Corley v. Southwestern Bell Tel. Co.*, 924 F. Supp. 782, 786 (E.D. Tex. 1996) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163, n.6 (5th Cir. 1992) (noting that a federal district court may make an independent appraisal of the amount in controversy)).

Here, Defendant has alleged that the subject property is currently appraised at $466,438.00 according to the Denton Central Appraisal District. *See* Dkt. 1 at 6. This alone likely satisfies the amount in controversy requirement. *See, e.g., Martinez v. BAC Home Loans Servs., LP*, 777 F. Supp.2d 1039, 1047-1048 (W.D. Tex. 2010) ("regardless of whether the property at issue has been sold in foreclosure or is still held by the lender, the value of the property is the object of the litigation for the purposes of determining whether the amount-in-controversy requirement has been met so long as the plaintiff is seeking injunctive relief to prevent or undo the lender's sale of the property"). Moreover, assuming Plaintiff is arguing that the only relief requested here is the injunctive relief of recision and reinstatement, the pleadings also assert that Plaintiff has been damaged by the clouded title. Having considered the value of Plaintiff's Property – in conjunction with the allegation of damages– the Court finds that Defendant has shown by a preponderance of the evidence that the amount in controversy here exceeds $75,000.

Reviewing the record here, the Court finds that the case was properly removed to this Court. The Court further finds that, as fully set forth in Defendant's response, the "prior exclusive

3

jurisdiction" doctrine cited by Plaintiff is inapplicable and Plaintiff's other arguments are without merit as to the requested remand. Defendant's filing of the notice of removal divested the state court of its jurisdiction. *See* 28 U.S.C. § 1446(d). Thus, there are not two suits pending such that the prior exclusive jurisdiction would apply. No viable grounds have been stated for remanding the suit.

The Court recommends that Plaintiff's Objections to Defendants' Notice of Removal and Motion to Remand (Dkt. 6) be DENIED and the case proceed in this Court.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 3rd day of February, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE